# ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Coastal Environmental Group, Inc. ) ASBCA No. 61276
)
Under Contract No. N40085-13-C-6541 )

APPEARANCE FOR THE APPELLANT: John M. Manfredonia, Esq.
Manfredonia Law Offices, LLC
Cresskill, NJ

APPEARANCES FOR THE GOVERNMENT: Craig D. Jensen, Esq.
Navy Chief Trial Attorney
Matthew D. Bordelon, Esq.
Robert R. Kiepura, Esq.
Trial Attorneys

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL
## ON THE GOVERNMENT'S MOTION TO DISMISS

Appellant appeals from the contracting officer's deemed denial of its June 2, 2017 certified claim seeking to recover $577,437.15 in what appellant says, in its notice of appeal (which we have deemed its complaint), are monetary damages that "reflect the monies paid by Appellant's surety to have another contractor complete the work, and for which Appellant remains liable," the government having terminated appellant's construction contract for default. Attached to the notice of appeal is a tender agreement between appellant's surety and the government (an agreement to which appellant is not a party), in which in paragraph 3 the surety agrees, once the government enters into a new contract with a completion contractor, to pay the government $577,437.15 "in order to provide [the government] sufficient funds to complete the terminated contract." In appellant's separate appeal from the default termination, we found that termination valid and denied the appeal. *Coastal Environmental Group, Inc.*, ASBCA No. 60410, slip op. (July 17, 2018).

We invited the parties to address whether we possess jurisdiction to entertain the appeal. Appellant relies upon *L&M Thomas Concrete Co.*, ASBCA Nos. 49198, 49615, 98-1 BCA ¶ 29,560 at 146,538, but we find that *Engineering Technology Consultants, SA*, ASBCA No. 47867, 96-2 BCA ¶ 28,442, is a closer analogue. In *Engineering Technology*, we concluded that a surety, by virtue of a post-termination takeover agreement with the government, became the contractor in privity of contract with the government, and that after that agreement the appellant in that appeal (who had been the original contractor) (1) was no longer in privity of contract with the government; (2) was

not a contractor within the meaning of the Contract Disputes Act, 41 U.S.C. § 7101(7), for post-agreement events; and (3) could not appeal post-termination repair or replacement costs agreed to by the surety. *Id.* at 142,094. We find no reason to depart from that approach in this appeal, which concerns a contractor who challenges its surety's post-termination payment to the government pursuant to a post-termination tender agreement to which it is not a party. Consequently, for purposes of this appeal, which does not involve a government assessment of excess reprocurement costs against an appellant, appellant is not a contractor within the meaning of 41 U.S.C. § 7101(7). Because our jurisdiction extends only to appeals brought by a "contractor" within the meaning of that section, *see Cooper/Ports America, LLC*, ASBCA No. 61461, 18-1 BCA ¶ 37,045 at 180,331-32, we do not possess jurisdiction to entertain this appeal.[*]

For these reasons, the appeal is dismissed for lack of jurisdiction.

Dated: July 19, 2018

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

---

[*] Prior to the Board raising the issue of jurisdiction, the government filed a motion to dismiss for failure to state a claim. However, this decision obviates the need to rule on the government's motion. It is dismissed as moot.

2

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61276, Appeal of Coastal Environmental Group, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals